FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 MAR 20 P 4:05

SIGN_____
BY DEPUTY CLERK.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARVIN C. BREAUD, ET AL.          CIVIL ACTION

VERSUS                            NO: 03-860-JJB-SCR

WERNER ENTERPRISES, INC, ET AL..

## RULING ON MOTION IN LIMINE

This matter is now before the court on a motion in limine filed by plaintiffs (doc. 79) to exclude the testimony of defendants' expert Dr. Charles Bain. Defendants have filed an opposition (doc. 84). A *Daubert* [1] hearing was conducted before the court on March 13, 2006, and this matter was submitted upon the filing of additional briefs. For the reasons set forth below, the motion will be granted.

In this case, the defendants have asked this court to admit the expert testimony of Dr. Charles Bain, who is both a nuclear engineer and a physician with certifications in emergency room and family medicine in his native Canada. Dr. Bain purports to be an expert in the causal connection of low impact collisions to serious back injuries. Plaintiff Marvin Breaud alleges that he sustained injuries to his lower back requiring him to undergo lumbar spine surgery. In what was admittedly a low impact collision, plaintiff's pickup truck (pulling an unloaded utility trailer) was rear-

---

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

1

ended by a large semi-tractor trailer driven by defendant John Holland, while in the course of his employment with defendant Werner Enterprises.

**ANALYSIS**

According to Federal Rules of Evidence 702:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of this case.

The burden is on the proponent of expert testimony to demonstrate that the findings and conclusions of its expert witnesses adhere to the standards set forth in *Daubert*.[2] As a threshold matter, this Court must examine whether 1) the expert will testify to valid scientific knowledge, and 2) whether that testimony will assist the trier of fact in understanding or determining a fact in issue.[3] Courts must determine whether the expert is qualified in the relevant field and whether the methodology underlying the experts conclusion is reliable.[4] Experts can be qualified to testify based upon personal experience and knowledge, so long as the experience and knowledge is reliable.[5]

---

[2] *Moore v. Ashland Chemical, Inc.*, 151 F. 3d 269, 276 (5th Cir. 1998).

[3] *Daubert* at 592.

[4] *Ammons v. Aramark Uniform Services, Inc.*, 368 F. 3d 809, 816 (7th Cir. 2004).

[5] *Kumho* at 150.

2

Courts may use four non-exclusive factors to determine reliability. They are: 1) the extent to which the theory has been or can be tested; 2) whether the theory has been subjected to peer review and/or publication; 3) the theories known or potential rate of error; and 4) the general acceptance of the theory in the relevant scientific or professional community.[6]

As to his methodology, the court is inclined to agree with defendant that there are widely accepted studies to support Dr. Bain's biomechanics analysis. The use of injury causation process is a generally accepted methodology in the field of biomechanics. The use of injury causation analysis has been tested, subjected to peer review and is a widely accepted method of collision examination. Nevertheless, Dr. Bain's testimony at the hearing revealed several instances where he lacked relevant facts and data to reach his opinions and that he reached his conclusions by making assumptions or using unreliable data.

Dr. Bain opines that the 18 wheeler traveled approximately ten feet at .075 g and achieved a speed of 4.7 miles per hour prior to impact and that the delta v at the point of collision between the two trucks was less than 3.8 mph. However, there were no measurements or data collected at the scene of the accident that could be used by Dr. Bain in reaching these conclusions.

Dr. Bain arbitrarily figured that the 18 wheeler traveled ten feet before striking the utility trailer then used this figure to reach his other calculations. He reviewed

---

[6] *Chapman v. Maytag Corp.*, 297 F. 3d 682, 688 (7th Cir. 2002).

3

the photographs of the pickup truck and trailer following the collision, repair estimates, depositions, medical records and the accident report. During the hearing, however, Dr. Bain admitted that after seeing the color pictures for the first time and observing certain noticeable dents on the rear-end of the truck, he could not confidently tell the court that these dents were a result of the collision, or whether the dents existed prior to the collision. In fact, Dr. Bain stated that the pictures revealed more dents and bumps and other features that he had not been able to view in the black and white photos which he used in his analysis.

To the extent the Dr. Bain's testimony is being presented to establish that this was a low-speed collision, it will not be very helpful to the jury. There is no real dispute in this case that it was a low impact collision. The real issue is whether a low impact collision could have caused the injuries claimed by plaintiff. On this score, Dr. Bain expresses the opinion that it is impossible for anyone to sustain a spinal injury in a rear-end motor vehicle collision of less than 5 miles per hour. He is of the opinion that a disc can never be injured as the result of trauma without the surrounding vertebra first breaking.

Defendant argues that Dr. Bain's unique training as an engineer and physician and peer-reviewed studies in the medical/biomechanical field make his opinion acceptable and reliable. The court simply disagrees.

Preliminarily, the court questions Dr. Bain's qualifications to provide expert testimony on medical causation of the injuries in this case. While he is licensed to

4

practice medicine and has extensive past experience in emergency medicine, Dr. Bain is not a neurologist, neurosurgeon or an orthopaedist. He has never performed spinal surgery and has no training or experience in treating spinal disorders. Moreover, as plaintiffs observe in their supplemental brief, Dr. Bain's opinion is in direct conflict with generally accepted opinion of nuerosurgeons, orthopedic surgeons and the medical community at large. It would be extremely prejudicial to plaintiffs' case to allow this testimony. Combined with the concerns previously noted, the court concludes that his testimony should be excluded.

Federal Rule of Evidence 702 imposes a "gatekeeper" function on the trial court "to ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable."[7] A trial judge has wide discretion both in deciding how to assess an expert's reliability and in making a determination of that reliability.[8] Exercising that discretion, the court finds that Dr. Bain's opinions are not based on sufficient facts or data. Rule 702(1) specifically requires that expert testimony must be based on sufficient facts or data. Additionally, the court finds that Dr. Bain's qualification to render opinions of medical causation are questionable.

---

[7] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

[8] *Kuhmo Tire Co. V. Carmichael*, 526 U.S. 137, 150 (1999).

5

Accordingly, the Plaintiff's motion in limine (doc. 79) is hereby **GRANTED**.

Baton Rouge, Louisiana, March 20th, 2006.

JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA