FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2006 APR 10 P 2:06

SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARVIN C. BREAUD & | ) | CIVIL ACTION |
| VICKI BREAUD | ) | NO.: 03-CV-860 |
| Plaintiffs | ) | |
| | ) | SECTION "D" |
| versus | ) | JUDGE BRADY |
| | ) | |
| WERNER ENTERPRISES, INC., | ) | MAGISTRATE "1" |
| OF NEBRASKA & JOHN HOLLAND | ) | MAGISTRATE JUDGE RIEDLINGER |
| Defendants | ) | |

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

Plaintiffs, Marvin and Vicki Breaud, respectfully submit this Memorandum in Support of their Motion in Limine.

### Background

A jury trial is presently scheduled for May 22, 2006, and the deadline for the parties to complete discovery long ago passed. On March 21, 2006, however, Defendants first produced a DVD containing surveillance conducted of Mr. Breaud. ***The video of Mr. Breaud was taken approximately 1 year ago in June, 2005.*** Plaintiffs previously propounded discovery to Defendants specifically requesting production of any surveillance video of Mr. Breaud,[1] but Defendants never identified or otherwise produced any surveillance video (until now).

### Argument

Defendants' production of the surveillance video is untimely. The Fifth Circuit has specifically held that surveillance videotape must be produced during discovery. *Chaisson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 515-18 (5th Cir. 1993). Despite the fact that the video

---

[1] *See* Exhibit A (Plaintiff's Supplemental Interrogatories and Request for Production to Defendant Regarding Surveillance).



is approximately a year old, Defendants waited until a month before trial and ***after all pretrial discovery deadlines*** to dump this evidence on Plaintiffs. On March 10, 2004, Plaintiffs propounded specific discovery requesting production of any surveillance evidence. Defendants initially denied the existence of any surveillance video, and have never updated their discovery responses – until now, a month before trial. This is an abuse of the discovery process, and contrary to this Court's Scheduling Orders and the Federal Rules of Civil Procedure. Plaintiffs are now prejudiced in having to address and respond to the surveillance on the eve of trial. Defendants have presented absolutely no reason or justification for waiting until a month before trial to first produce this video. Accordingly, Defendants' production of the surveillance video is grossly untimely, and should be excluded from evidence.

Further, the videotape should also be excluded from evidence because it serves no probative value and is irrelevant. The Fifth Circuit has recognized that in personal injury cases surveillance video of a plaintiff can serve either a substantive or impeachment purpose. *See Chaisson*, 988 F.2d at 517-18. Here, the video serves neither purpose. The video was taken **after** Mr. Breaud's surgery, and the video depicts Mr. Breaud performing wholly innocuous activities, such as standing and holding a small, empty plastic bottle. The video, thus, serves absolutely no purpose in assisting Defendants in their defense of Plaintiffs' claims, and will only serve to confuse the jury by presenting videotape that essentially shows nothing.[2] Because the video has no substantive or impeachment value, the surveillance video should be excluded from evidence.

---

[2] If necessary, Plaintiffs will be pleased to submit a coy of the DVD to the Court for review *in camera*.

## Conclusion

For the above and foregoing reasons, Plaintiffs pray that their Motion in Limine be granted and that any evidence of surveillance of Mr. Breaud be excluded at trial.

Respectfully submitted,

_____
JOSEPH S. PIACUN, T.A. (25211)
THOMAS A. GENNUSA, II (6010)
Gennusa Law Firm
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Telephone: (504) 455-0442

-and-

MICHAEL HINGLE (6943)
AUSTIN McELROY (7571)
600 North Highway 190, Suite 202C
Covington, Louisiana 70433
Telephone: (985) 893-2295
**Attorneys for Plaintiffs,**
**Marvin & Vicki Breaud**

Certificate of Service

I certify that on April 6, 2006, I served a copy of this *Memorandum in Support of Motion in Limine* on all counsel of record by facsimile and the United States Mail, properly addressed and first class postage prepaid.

_____

## Michael Hingle & Associates, LLC — FILE COPY

ATTORNEYS & COUNSELORS AT LAW

Michael Hingle, J.D.+[1]

Ronald Favre, J.D.+**
John B. Noble +**
Bryan A. Pfleeger +**
David Sirera +**
Angela Jones+**
Austin McElroy+**

**Of Counsel

600 N. Highway 190, Suite 202C
Covington, LA 70433
(985) 893-2295
Fax (985) 893-0685

Heidi B. Pellegrin+*
Celia Estis*
Candace Furlong-Borne*
Michelle McCrory*

*Paralegal    +Notary

March 10, 2004

C. Michael Futrell, Esq.
Futrell & Casteel, LLC
138 McGehee Drive
Baton Rouge, LA 70815

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

RE:   Marvin Breaud and Vicki Breaud vs. Werner Enterprises & John Holland
      Our File Number:   15314-WMH/CB
      Date of Incident:  May 2, 2003
      Docket Number:     USDC-MDLA 03-CV-860-D-M1

Dear Mr. Futrell:

Enclosed please find copies of supplemental interrogatories and request for production of documents regarding surveillance which I am propounding to defendants in connection with the above. Please answer within the applicable delays.

Pursuant to local rules, I am retaining the originals in my file.

Sincerely yours,
DICTATED BUT NOT READ

Michael Hingle

WMH/ng

cc:   Marvin Breaud



EXHIBIT A

G:\Files\Breaud, Marvin\ltr trans supp discov surv to atty 3.2.04 ng.wpd

CERTIFIED CIVIL TRIAL LAW SPECIALIST
NATIONAL BOARD OF TRIAL ADVOCACY*
ACCREDITED BY AMERICAN BAR ASSOCIATION

NEW ORLEANS    SLIDELL    HAMMOND
COVINGTON/MANDEVILLE    METAIRIE    GRETNA
BATON ROUGE    HOUMA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN C. BREAUD AND VICKI BREAUD | CIVIL ACTION |
| VS. | DOCKET NO. 03-CV 860 |
| WERNER ENTERPRISES, INC. OF NEBRASKA, AND JOHN HOLLAND | SECTION D<br>MAGISTRATE 1 |
| FILED: _____ | _____<br>DEPUTY CLERK |

### PLAINTIFF'S SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR PRODUCTION TO DEFENDANT REGARDING SURVEILLANCE

TO:
Werner Enterprises, Inc., of Nebraska
and John Holland, through
their attorney of record
C. Michael Futrell
Futrell & Casteel, LLC
138 McGehee Drive
Baton Rouge, LA 70815

Plaintiffs, through undersigned counsel, pursuant to the applicable Federal Rules of Civil Procedure, propounds the following supplemental interrogatories to you to be answered and signed by you, under oath, competent to bind you herein, within the time allowed by the said Rules. Further, pursuant to the applicable Federal Rules of Civil Procedure, plaintiffs request that you produce for inspection and copying the following described documents, papers and things for the purpose of examining, inspecting and/or reproducing by photocopy or other suitable means, within fifteen (15) days after service of this request, during business hours at the office of Michael Hingle & Associates, LLC, 600 N. Highway 190, Suite 202C, Covington, LA 70433, and that, in the event you fail to comply with this request, you pay all reasonable costs,

expenses and attorney's fees for obtaining an order compelling the answers to the interrogatories and the production of these documents under the applicable rules of theFederal Rules of Civil Procedure:

Plaintiffs further request that all responses be reasonably supplemented and/or amended as the case may be as required by the applicable rules of the Federal Rules of Civil Procedure. Each Interrogatory and Request for Production is addressed to all such information as is available to you, including, but not limited to, your own personal knowledge and that of your attorneys, investigators, agents, employees and other representatives.

I.

Have you or has anyone acting on your behalf or has any one of your attorneys, investigators, agents, employees or other representatives taken surveillance films or photographs or been engaged in surveillance of plaintiff(s)? If so, state name, address, phone number of such person and name of company such person was employed by with company's name, address and phone number.

II.

If so, please attach to the copy of your answers to these supplemental interrogatories to be served upon counsel for plaintiff a copy or copies of any such photographs and/or surveillance films. Plaintiff(s) counsel agrees to reimburse defense counsel for the cost of reproducing and transmitting same.

III

If you refuse to attach a copy and/or copies of such photos and/or surveillance film, please state why you refuse to attach copies.

IV.

If you refuse to attach a copy or copies of such photos and/or surveillance film, please state the name and address of the person or persons who have custody of these photographs and/or films.

V.

If surveillance engaged, please attach a copy of all surveillance data including all notes of the investigator, agent, employee or other representative taking surveillance including a listing of each time he set up and the eventual findings of each occurrence.

VI.

If surveillance engaged, please attach itemized bill (dates and times of surveillance) for entirety of surveillance.

Respectfully submitted,

Michael Hingle

_____
Michael Hingle, T.A. #6943
For the Firm
600 N. Highway 190
Suite 202C
(985) 893-2295
Facsimile: (985) 893-0685

**CERTIFICATE OF SERVICE**

I do hereby certify that I have served a copy of the above and foregoing pleading on all counsel of record herein by mailing same by United States Mail, properly addressed and first class postage prepaid, on this ___11___ day of ___March___, 2004.

_____

G:\Files\Broaud, Marvin\pld discov surv 3.2.04 ng.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been mailed this date, postage prepaid, to the following:

> Michael Hingle, T. A. #6943
> 600 Highway 190, Suite 202C
> Covington, LA 70433
> Counsel of Record for Plaintiffs,
> **Marvin C. Breaud and Vicki Breaud**

Baton Rouge, Louisiana, this 24th day of August, 2004.

_____
C. Michael Futrell

UNITED STATES OF AMERICA

DISTRICT COURT OF THE UNITED STATES

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN C. BREAUD AND<br>VICKI BREAUD<br>    PLAINTIFFS | CIVIL ACTION 03-860-D-M1 |
| VERSUS | JUDGE BRADY |
| WERNER ENTERPRISES,<br>INC. OF NEBRASKA, AND<br>JOHN HOLLAND<br>    DEFENDANTS | MAGISTRATE JUDGE<br>REIDLINGER |

## DEFENDANTS' RESPONSES TO PLAINTIFFS' SUPPLEMENTAL INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS REGARDING SURVEILLANCE

NOW INTO COURT, through undersigned counsel, comes defendant, **WERNER ENTERPRISES, INC. AND JOHN HOLLAND** and responding to Plaintiff's Supplemental Interrogatories and Request for Production of Documents regarding Surveillance, responds as follows:

### INTERROGATORY NUMBER I:

Have you or has anyone acting on your behalf or has any one of your attorney, investigators, agents, employees or other representatives taken surveillance films or photographs or been engaged in surveillance of plaintiff(s)? If so, state name, address, phone number of such person and name of company such person was employed by with company's name, address and phone number.

### ANSWER TO INTERROGATORY NUMBER I:

**Defendants object to Interrogatory and Request for Production Number 1, in that any investigation conducted by Werner Enterprises is generally privileged under the**

MICHAEL HINGLE & ASSOC. AUG 27 2004 COVINGTON

attorney/client privilege and/or work product doctrine and/or the self-investigative doctrine. Subject to that objection and in the spirt of cooperation, there has been no surveillance made on the plaintiff(s). Defendants reserve the right to supplement this request at a later date.

**INTERROGATORY NUMBER II:**

If so, please attach to the copy of your answers to these supplemental interrogatories to be served upon counsel for plaintiff's a copy or copies of any such photographs and/or surveillance films. Plaintiff(s) counsel agrees to reimburse defense counsel for the cost of reproducing and transmitting same.

**ANSWER TO INTERROGATORY NUMBER II:**

Not applicable

**INTERROGATORY NUMBER III:**

If you refuse to attach a copy and/or copies of such photos and/or surveillance film, please state why you refuse to attach copies.

**ANSWER TO INTERROGATORY NUMBER III:**

Not applicable

**INTERROGATORY NUMBER IV:**

If you refuse to attach a copy or copies of such photos and/or surveillance film, please state the name and address of the person or persons who have custody of these photographs and/or films.

**ANSWER TO INTERROGATORY NUMBER IV:**

Not applicable



**INTERROGATORY NUMBER V:**

If surveillance engaged, please attached a copy of all surveillance data including all notes

of the investigator, agent, employee or other representative taking surveillance including a listing of each time he set up and the eventual findings of each occurrence.

**ANSWER TO INTERROGATORY NUMBER V:**

**Not applicable**

**INTERROGATORY NUMBER VI:**

If surveillance engaged, please attach itemized bill (dates and times of surveillance) for entirety of surveillance.

**ANSWER TO INTERROGATORY NUMBER VI:**

**Not Applicable**

The above answers and responses are made with full reservation of all rights to object to such as may be offered as evidence which under the law are inadmissible. Defendants specifically state that certain of the interrogatories, answers to interrogatories, Request for Production and Response to Request for Production are irrelevant and immaterial to the issued in this suit; thus, they are inadmissible as evidence. Defendants, through counsel, specifically reserve the right to object to such interrogatories, answers and responses as may be hereafter offered into evidence.

By Attorneys:

**FUTRELL & CASTEEL, LLC**

_____
C. Michael Futrell, #16926 (T.A.)
M. Janice Villarrubia, #28792
Attorneys at Law
138 McGehee Drive
Baton Rouge, Louisiana 70815
Telephone: (225) 273-4442
Facsimile: (225) 273-4448
Counsel of Record for Defendants,
**Werner Enterprises, Inc. and John Holland**